849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffrey Joe LEFEVERS, Petitioner-Appellant,
v.
W.F. WATKINS, Capt.; State of North Carolina, Respondents-Appellees.
 No. 87-7168.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 1988.
Decided: June 7, 1988.
 
 Don Davis (Don Davis, P.A., on brief), for appellant.
 Barry S. McNeill, Assistant Attorney General (Lacy H. Thornburg, Attorney General, Department of Justice, on brief), for appellees.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jeffrey Joe Lefevers appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.A. Sec. 2254 (West 1977). We affirm.
 
 
 2
 In 1983 Lefevers was convicted by a jury of second degree rape. He received a 12-year sentence, which is the presumptive term for that offense pursuant to N.C.Gen.Stat. Sec. 15A-1340.4(f)(2) (1983). The North Carolina Court of Appeals affirmed Lefevers' conviction and he did not seek further discretionary review by the North Carolina Supreme Court.
 
 
 3
 In 1985 Lefevers filed a motion for relief in state court pursuant to N.C.Gen.Stat. Sec. 15A-1415 (1983). He raised allegations that he received ineffective assistance of counsel from his privately retained attorney and that the 12-year presumptive sentence constituted cruel and unusual punishment in violation of the eighth amendment. Following an evidentiary hearing, Lefevers' motion was denied by the Superior Court of North Carolina. The North Carolina Court of Appeals subsequently denied his petition for writ of certiorari.
 
 
 4
 Lefevers then filed this habeas corpus petition, alleging the same claims for relief that were before the state court. As support for his contention that he received ineffective assistance of counsel, Lefevers attached affidavits from three jurors who sat on the panel which convicted him. These affidavits detailed the jurors' impressions and opinions regarding the performance of Lefevers' trial counsel.
 
 
 5
 The State filed a motion to strike the juror affidavits as incompetent evidence under Federal Rule of Evidence 606(b). The State also moved for dismissal of Lefevers' petition on the merits. The district court granted both motions, finding that the affidavits were improper under rule 606(b) and that even if counsel's performance was deficient, Lefevers had failed to establish prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984). We affirm on the reasoning of the thorough order of the district court. Lefevers v. Watkins, No. ST-C-87-12 (W.D.N.C. May 8, 1987).
 
 
 6
 AFFIRMED.